832

## EVETTS v. PEOPLE'S LIFE INS. CO.

District Court, N. D. Texas, Dallas Division.
December 28, 1929.

No. 4049.

Beall, Worsham, Rollins, Burford & Ryburn and J. M. Burford, all of Dallas, Tex., and J. L. Gammon, of Waxahachie, Tex., for the motion.

Locke, Locke, Stroud & Randolph and Ralph Randolph, all of Dallas, Tex., opposed.

ATWELL, District Judge. The insurance company went into the state district court under a state statute for the taking of testimony concerning the policy that it had theretofore issued to the deceased husband of the plaintiff. The policy in question was in the sum of $5,000. The amount of the policy appeared from the face of the application to take the testimony. The insurance company could have entered the United States court and secured the same result.

Some months after the depositions had been taken, and, after the application had functioned and fruited, and with nothing further to be done thereunder or thereon, the plaintiff filed a cross-action, as she called it, in that proceeding, upon which she sought to recover a judgment for the face of the policy. Citation was issued and served upon the insurance company, and it seasonably removed the case to this court.

The plaintiff contends that the company could have gone into either the national or the state court, and, having chosen the state court, it must stay there. Likewise, it is asserted that the plaintiff exhibits a phase of the same matter about which the company was concerned. To use the language of learned counsel, it is suggested that the company "laid its pallet and should rest thereon."

Written wisdom is not found upon all fours with the question presented here, but it seems to me that the taking of the deposition would not entitle the party who might be interested in the disclosures of the deposition to file a counterclaim or cross-action for an amount in excess of $3,000, and litigate that new cause of action in the state court when the nonresident desired to exercise its right to have the controversy heard in a national court.

The question is not even as difficult as that which arises when a nonresident sues for a sum less than $3,000 in a state court and is met by a cross-action for an amount in excess of $3,000. I think the most satisfactory line of thought upon a predicament of that sort is that the nonresident may remove if and when such a happening takes place. However broad may be the definition of the word "suit," it is scarcely broad enough to require that, if a nonresident seeks to perpetuate testimony, or to discover testimony concerning a contract in excess of national court jurisdiction, it submits itself in such a proceeding to a cross-action or counterclaim in the domestic court and deprives itself of the right to remove to the national court.

The motion to remand will be overruled.